### J. A. Young v. S. L. Matier & Co.

(No. 2376.)

Appeal from Fayette County. Opinion by Willson, J.

Phelps & Lane, counsel for appellant.

No counsel appeared for appellees.

§ 354. *Homestead; proceeds of sale of, not subject to garnishment when; case stated.* One Johnson being indebted to appellant, the latter garnished appellees. Appellees answered that they were indebted to Johnson by note for $175, payable in lumber and building material, and that said note was for a part of the purchase money due Johnson on the sale of his homestead. It was proved on the trial that Johnson was a married man; that he owned a homestead in Fayette county, which he sold to one Bigby for $1,200, one-half of said amount cash, and the other half for said Bigby's two notes of $300 each; that said Johnson then purchased and improved a tract of land, intending the same for his homestead. He then sold one of the Bigby notes to appellees for $125 cash and their said note for $175, to be paid in lumber, with which lumber he intended to erect a homestead house on said land. It is clear from the evidence that Johnson intended to so appropriate the said lumber. Upon these facts the trial judge directed the jury to find for the garnishees, and such was the finding and judgment. *Held:* The debt due Johnson by appellees is exempt property, and not subject to garnishment, and the judgment of the trial court is correct. Said debt was a part of the proceeds of the sale of Johnson's homestead; and he intended, and had made his arrangements, to invest the same in another homestead. Where a homestead is sold with the present and specific intent to re-invest the proceeds in another, such proceeds are not subject to garnishment while in process of such change

and re-investment, and the evidence in this case brings it within this rule. [Watkins v. Davis, 61 Tex. 414; *ante,* § 32.]

February 4, 1888.  Affirmed.